TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
    1100/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/2424/3819
    Facsimile: (213) 894-6269/0141
    E-mail:   Scott.Paetty@usdoj.gov
              Catherine.S.Ahn@usdoj.gov
              Brian.Faerstein@usdoj.gov

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
    1400 New York Avenue NW, 3rd Floor
    Washington, DC 20530
    Telephone: (202) 320-0539
    Facsimile: (202) 514-0152
    E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-cr-579(A)-SVW-5 |
| Plaintiff, | GOVERNMENT'S RESPONSE TO PRESENTENCE INVESTIGATION REPORT FOR MANUK GRIGORYAN |
| v. | |
| MANUK GRIGORYAN, aka "Mike Grigoryan," and "Anton Kudiumov," | Sentencing: October 25, 2021<br>Time: 11:00 a.m.<br>Location: Courtroom of the Hon. Stephen V. Wilson |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby files its initial response, pursuant to Federal Rule of Criminal Procedure 32(f), to the Presentence Investigation Report ("PSR"), prepared by the United States Probation and Pretrial Services Office, for defendant MANUK GRIGORYAN (ECF 974).

The government respectfully submits that the actual loss amount and corresponding restitution figure calculated in the PSR should be adjusted from $2,602,798 to $2,677,798 for the reasons described further below. In addition, the government provides additional proposed corrections or clarifications to other aspects of the PSR.

**The Actual Loss and Restitution Amounts Calculated in the PSR Should Be Corrected**

The calculation of actual loss in the PSR should be corrected to be $2,677,798, not $2,602,798, in the section titled "The Offense Conduct," and the chart summarizing the loan applications underlying the loss amount should also be corrected. In addition, the restitution amount, which is based on the actual loss amount, should similarly be corrected in the sections titled "Victim Impact" and "Restitution."

First, in the section of the PSR addressing "The Offense Conduct," the PSR states that the fraudulent loan applications for which defendant is being held accountable as relevant conduct "caused a total intended loss of $3,398,282 and $2,602,798 in actual losses, as described in the table below." (PSR ¶ 37.) The PSR includes a

table of 20 Paycheck Protection Program (PPP) and Economic Injury Disaster Loan (EIDL) applications, 16 of which were disbursed/funded and 4 of which were cancelled. (Id.) The information in the chart appears to be sourced from a similar chart set forth in the factual basis of the parties' plea agreement. (See ECF 436, ¶ 15.)

However, the chart in the PSR contains two errors: (1) it omits the final column in the chart in the plea agreement that reflects "Advance" amounts of money paid out under certain EIDL applications; and (2) it incorrectly states that the EIDL loan disbursed by the United States Small Business Administration (SBA) in connection with the G&A Diamonds loan application was $149,000 instead of the actually-funded amount of $145,000, as the underlying G&A Diamonds EIDL loan documentation reflects (see Gov't Trial Exhibit 2.g at 1-2).[1] The government is reproducing as Appendix A hereto the chart that was agreed upon by the parties in the plea agreement. The government submits that the form and content of this chart should replace the chart currently listed in paragraph 37 of the PSR.

Taking into account the information set forth in the corrected chart, the amount of actual loss – that is, the summation of all the disbursed/funded loans plus the advances obtained through certain EIDL loans – should be reflected as $2,677,798 in paragraph 37 of the PSR.[2]

---

[1] The factual basis to the parties' plea agreement inadvertently stated that the amount received for the G&A Diamonds EIDL loan was $149,900 instead of $145,000. (See ECF 436, ¶ 15.) As stated above, the correct amount is $145,000 based on the underlying loan documentation.

[2] The PSR correctly states that the total intended loss amount associated with the 20 loans in the chart is $3,398,282. This intended loss amount was included in the parties' plea agreement based on the chart set forth in that agreement (and reproduced here as Appendix A). (See ECF 436, ¶ 15.)

Second, in the sections of the PSR addressing "Victim Impact" and "Restitution," the PSR relies on the mistaken actual loss calculation described above in finding that $2,602,798 is owed in restitution.  (See PSR ¶¶ 39, 125.)  For the reasons explained above, the total restitution figure should instead be calculated as $2,677,798.

In addition, with respect to the individualized restitution owed to the institutional victims, the amount listed as being owed to the SBA - $1,398,000 - is undercounted by $75,000.  As explained above, the listed amount does not account for the $79,000 in "Advance" payments reflected in the corrected chart in Appendix A, and overcounts $4,000 as to the G&A Diamonds EIDL loan that should be listed as $145,000 instead of $149,000.  Thus, the correct amount of restitution owed to the SBA in paragraphs 39 and 125 of the PSR should be calculated as $1,473,000.

**Corrections and Clarifications**

In addition to the above, the government submits this response to correct or clarify the following:

- In paragraph 3 under the section titled "Charge(s) and Conviction(s)," the second sentence should be revised to state, ". . . Grigoryan and his co-defendants, aiding and abetting each other, <u>submitted and</u> caused the submission of a Paycheck Protection Program loan to Lender B in the name of Redline Auto Mechanics <u>in order to carry out a scheme or plan to obtain money or property from a financial institution through false statements or promises</u>, in

4

violation of 18 U.S.C. § 1344(2)," with the new proposed language underlined above.

- In the same paragraph, the last sentence should be revised to state, ". . . Grigoryan <u>knowingly transferred, possessed, and</u> used<u>, and willfully caused to be transferred, possessed, and used</u>, without lawful authority . . .," with the new proposed language underlined above.
- Paragraph 6 under the section titled "Charge(s) and Conviction(s)" incorrectly states that the government agreed in the plea agreement to "recommend a term of imprisonment no higher than the low end of applicable Sentencing Guideline range, . . . ." As set forth in the plea agreement (ECF 436 at ¶ 4.e), this language in paragraph 6 of the PSR should be corrected to read, "not seek a sentence of imprisonment above the high end of, and make no recommendation as to the point within the applicable Sentencing Guidelines range at which a term of imprisonment should be selected, . . . ."
- Paragraph 9 under the section titled "Counts to be Dismissed" should be revised to state "through <u>at least</u> August 2020," with the new proposed language underlined above.
- Paragraph 10 under the section titled "Counts to be Dismissed" should be revised to state, ". . . Grigoryan and his codefendants, <u>committed and</u> aided and abetted wire

fraud . . .," with the new proposed language underlined above.

- Paragraph 11 under the section titled "Counts to be Dismissed" should be revised to state, ". . . Grigoryan and his codefendants, <u>committed, caused to be committed, and</u> aided and abetted bank fraud . . .," with the new proposed language underlined above.

- Paragraph 12 under the section titled "Counts to be Dismissed" should be revised to state "through <u>at least</u> October 2020," with the new proposed language underlined above.

- Paragraph 13 under the section titled "Pretrial Adjustment" states that, "Pretrial Services records indicate Grigoryan has complied with all Court ordered conditions of release." The government notes that, on August 18, 2021, Pretrial Services submitted a Pretrial Violation Report alleging that during defendant's presentence investigation interview, defendant disclosed certain information he had not initially disclosed to Pretrial Services following his arrest in this case. (<u>See</u> ECF 871.) Upon agreement of the parties and Pretrial Services, the Court imposed additional conditions of pretrial release pertaining to the possession and use of controlled substances and the monitoring thereof. (<u>See</u> ECF 873.) In addition, on September 13, 2021, Pretrial Services submitted a Pretrial Violation Report alleging separate issues relating to a trip defendant took in or around August 2021, with a recommendation to the Court that no action be taken at that

6

time. (See ECF 962.) The government does not further describe herein the contents of the allegations set forth in these Pretrial Violation Reports, which are restricted documents on the Court's docket. However, the government believes the information described in the reports is relevant for the United States Probation & Pretrial Services Office's consideration in connection with paragraph 13 of the PSR.

- Paragraphs 14, 15, 16 and 21 under the section titled "Status of Co-Defendants" should be corrected to state that co-defendants Richard Ayvazyan, Marietta Terabelian, Artur Ayvazyan, and Vahe Dadyan were found guilty by jury trial on June 25, 2021, not June 28.

- Paragraph 20 under the section titled "Status of Co-Defendants" should be revised to reflect that codefendant Edvard Paronyan was sentenced to 30 months in prison on September 27, 2021.

- In paragraph 34 under the section titled "G&A Diamonds," the last sentence should be corrected to state that the SBA wired $145,000, not $149,900, to a G&A Diamonds bank account, for the reasons explained above.

- In paragraph 35 under the section titled "Redline Auto Mechanics," the government suggests adding as the new second sentence (as stated in the plea agreement) the following: "Celtic Bank was a financial institution the

|   |   |
|---|---|
| 1 | deposits of which were insured by the Federal Deposit |
| 2 | Insurance Company." |

- In footnote 2 appended to the same paragraph, the government suggests revising the second sentence to read, "A.F. was a real person . . . ." instead of "A.D. and A.F. were real persons . . . ."
- In paragraph 36 under the section titled "Redline Auto Mechanics," the government suggests adding to the end of the paragraph the phrase ". . . including the G&A Diamonds EIDL Application described above."

Dated: October 4, 2021          Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

     /s/
SCOTT PAETTY
CATHERINE AHN
BRIAN FAERSTEIN
Assistant United States Attorneys
CHRISTOPHER FENTON
Department of Justice Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**APPENDIX A**

**Chart from Factual Basis in Parties' Plea Agreement (ECF 436, ¶ 15)**

| Company | Applicant | Amount | Lender | Status | Advance |
|---|---|---|---|---|---|
| Fadehaus Barbershop | Anton Kudiumov | $ 150,000 | SBA | Disbursed | $ 10,000 |
| Fadehaus Barbershop | Anton Kudiumov | $ 182,637 | WebBank | Cancelled | |
| Nelson's Nursery | Anton Kudiumov | $ 49,000 | SBA | Disbursed | $ 7,000 |
| Redline Auto Mechanics | Anton Kudiumov | $ 150,000 | SBA | Disbursed | $ 7,000 |
| Redline Auto Mechanics Inc. | Anton Kudiumov | $ 276,600 | Celtic Bank | Disbursed | |
| TM Events Inc. | Anton Kudiumov | $ 276,600 | Newtek | Disbursed | |
| TM Events Inc. | Anton Kudiumov | $ 150,000 | SBA | Disbursed | $ 7,000 |
| Manukyan Construction | Anna Manukyan | $ 131,195 | Cross River Bank | Disbursed | |
| Manukyan Construction | Anna Manukyan | $ 131,195 | Celtic Bank | Cancelled | |
| G&A Diamonds | Artashes Grigoryan | $ 145,000 | SBA | Disbursed | |
| G&A Diamonds | Artashes Grigoryan | $ 113,750 | Cross River Bank | Disbursed | |
| Apex Health and Safety Consultants | Anna Manukyan | $ 150,000 | SBA | Funded | $ 10,000 |
| Greenshop Hydro Inc | Anna Manukyan | $ 150,000 | SBA | Funded | $ 10,000 |
| Manukyan Construction | Anna Manukyan | $ 150,000 | SBA | Funded | $ 10,000 |
| Runyan Tax Service, Inc | Viktoria Kauichko | $ 276,653 | Seattle Bank | Disbursed | |
| Journeymen Construction | Viktoria Kauichko | $ 150,000 | SBA | Disbursed | $ 8,000 |
| Fiber One Media, Inc. | Viktoria Kauichko | $ 150,000 | SBA | Disbursed | $ 10,000 |
| Fiber One Media, Inc. | Viktoria Kauichko | $ 276,652 | WebBank | Cancelled | |
| Fiber One Media, Inc. | Viktoria Kauichko | $ 130,000 | Celtic Bank | Cancelled | |
| Fiber One Media, Inc. | Viktoria Kauichko | $ 130,000 | Ready Capital | Disbursed | |